Charles H. Chevalier
Michael V. Caracappa
Magnolia S. Joodi
**FBT Gibbons LLP**
One Gateway Center
Newark, New Jersey 07102-5310
cchevalier@fbtgibbons.com
mcaracappa@fbtgibbons.com
mjoodi@fbtgibbons.com

*Attorneys for Plaintiffs*
*Xeris Pharmaceuticals, Inc. and*
*Strongbridge Dublin Limited*

OF COUNSEL:

David P. Frazier
Kelly A. Welsh
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Marc N. Zubick
Shelby C. Yuan
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
(312) 876-7606

Ramya Sri Vallabhaneni
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10020
(212) 906-1200

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| XERIS PHARMACEUTICALS, INC., AND STRONGBRIDGE DUBLIN LIMITED, <br><br> Plaintiffs, <br> v. <br><br> NOVITIUM PHARMA, LLC, AND ANI PHARMACEUTICALS, INC. <br><br> Defendants. | Civil Action No.  26-8641 <br><br> **COMPLAINT** |

Plaintiffs Xeris Pharmaceuticals, Inc. ("Xeris") and Strongbridge Dublin Limited

("Strongbridge") (collectively, "Plaintiffs"), by their undersigned attorneys, bring this action

against Defendants Novitium Pharma, LLC and ANI Pharmaceuticals, Inc. (collectively, the

"Novitium Defendants"), and hereby allege as follows:

1

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and in particular under 35 U.S.C. § 271(e)(2).  This action arises from the Novitium Defendants' submission of Abbreviated New Drug Application ("ANDA) No. 221336 ("Novitium's ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture, market, and sell generic versions of Plaintiffs' highly successful pharmaceutical product, RECORLEV®, prior to the expiration of Plaintiffs' U.S. Patent Nos. 11,020,393 (the "'393 Patent") and 11,278,547 (the "'547 Patent")(collectively, the "Asserted Patents").

## RECORLEV®

2.      RECORLEV® (levoketoconazole) is a groundbreaking oral cortisol synthesis inhibitor that represents an important therapeutic advance for the treatment of endogenous hypercortisolemia in adult patients with Cushing's syndrome for whom surgery is not an option or has not been curative.

3.      Cushing's syndrome is a rare and serious endocrine disorder caused by chronic elevated cortisol exposure.  The disease's multisystem complications are potentially life-threatening, including metabolic changes, high blood pressure, tissue fragility, and psychological disturbances.  Normalization of cortisol levels is the first and most important clinical objective in treating the disease.

4.      RECORLEV® was developed through the innovative work of scientists at Strongbridge (then known as Cortendo AB) who recognized the need for a targeted cortisol synthesis inhibitor.  Strongbridge scientists discovered that levoketoconazole, the 2S,4R enantiomer of ketoconazole (chemical name: 2S,4R cis-1-acetyl-4-[4-[[2-(2,4-dichlorophenyl)-2-

(1H-imidazol-1-ylmethyl)-1,3-dioxolan-4-yl] methoxyl]phenyl] piperazine), potently inhibits key enzymes involved in cortisol biosynthesis. This inventive insight led to the development of RECORLEV® as a purified, single-enantiomer drug specifically optimized for treating Cushing's syndrome. By targeting cortisol synthesis directly, RECORLEV® addresses the underlying pathophysiology of the disease — the first drug to do so.

5. In October 2021, Xeris acquired Strongbridge, thereby acquiring RECORLEV® and all associated intellectual property rights, including the Asserted Patents. Through this acquisition, Plaintiffs assumed and continued Strongbridge's legacy of research in unique therapies for overlooked patient populations that have critical impacts on people's lives.

6. On December 30, 2021, FDA approved New Drug Application ("NDA") No. 214133 for RECORLEV®. FDA granted RECORLEV® orphan drug exclusivity, recognizing the critical unmet medical need for effective therapies for patients with Cushing's syndrome. Xeris markets RECORLEV® (levoketoconazole) in the United States pursuant to the RECORLEV® NDA and Plaintiffs continue to invest in its clinical development.

7. RECORLEV® has orphan drug exclusivity until December 30, 2028.

## PARTIES

8. Plaintiff Xeris is a corporation organized and existing under the laws of the State of Delaware, with its corporate offices and principal place of business at 1375 W. Fulton St., Suite 1300, Chicago, Illinois 60607. Xeris discovers, develops, manufactures, and markets innovative pharmaceutical products to improve patient lives.

9. Xeris is the assignee and owner of the Asserted Patents.

10. Plaintiff Strongbridge is a private limited company organized and existing under the laws of Ireland, with a principal place of business at 25-28 North Wall Quay, Dublin 1, Ireland.

3

11.     Strongbridge is the exclusive licensee of the Asserted Patents and holds NDA No. 214133 for RECORLEV®.

12.     On information and belief, Defendant Novitium Pharma, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 70 Lake Drive, East Windsor, New Jersey 08520.  On information and belief, Novitium Pharma, LLC is a wholly-owned subsidiary of Defendant ANI Pharmaceuticals, Inc.  On further information and belief, Novitium Pharma, LLC holds (or will hold) any intellectual property rights and marketing authorizations for the generic levoketoconazole oral tablets that are the subject of the Novitium ANDA (the "Novitium ANDA Product").

13.     On information and belief, Defendant ANI Pharmaceuticals, Inc. ("ANI") is a Delaware corporation with commercial headquarters at 104 Carnegie Center Drive, Suite 300, Princeton, New Jersey 08540.  On information and belief, ANI is the parent corporation of Novitium Pharma, LLC and will play a role in any future marketing and sales for the Novitium ANDA Product.

14.     On information and belief, the Novitium Defendants collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of generic drug products for sale in the United States, including in New Jersey.  On further information and belief, the Novitium Defendants are agents of one another and/or operate in concert as integrated parts of the same business group and enter into agreements with each other that are nearer than arm's length.

15.     On information and belief, the Novitium Defendants are in the business of, among other things, developing, manufacturing, obtaining regulatory approval, marketing, selling, importing, and distributing generic copies of branded pharmaceutical products throughout the United States, including in New Jersey.

4

16.     On information and belief, Novitium Pharma, LLC, in collaboration with ANI, submitted Novitium's ANDA to the FDA and seeks FDA approval of Novitium's ANDA.

17.     On information and belief, the Novitium Defendants acted collaboratively in preparing and submitting Novitium's ANDA and continue to act collaboratively in pursuing FDA approval of Novitium's ANDA and seeking to market the Novitium ANDA Product in the United States, including in the State of New Jersey.

18.     On information and belief, the Novitium Defendants intend to commercially manufacture, market, offer for sale, and sell the Novitium ANDA Product throughout the United States, including in the State of New Jersey, in the event the FDA approves Novitium's ANDA.

19.     On information and belief, the Novitium Defendants rely on material assistance from one another to market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of New Jersey.  On information and belief, the Novitium Defendants intend to act collaboratively to commercially manufacture, market, distribute, offer for sale, and/or sell the Novitium ANDA Product, in the event the FDA approves Novitium's ANDA.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

21.     This Court has personal jurisdiction over Novitium Pharma, LLC because Novitium Pharma LLC has its principal place of business in New Jersey and has registered to do business with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0450076770.  Novitium Pharma, LLC has thus consented to personal jurisdiction in New Jersey.

5

22.     This Court has personal jurisdiction over ANI because ANI has registered to do business with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0450583292.  ANI has thus consented to personal jurisdiction in New Jersey.

23.     This Court additionally has personal jurisdiction over ANI because, *inter alia*, on information and belief, ANI has continuous and systematic contacts with the State of New Jersey, including maintaining its commercial headquarters there, regularly conducts business in the State of New Jersey, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed themselves of the privilege of doing business in the State of New Jersey, and intends to sell the Novitium ANDA Product in the State of New Jersey upon approval of Novitium's ANDA.

24.     On information and belief, ANI directs, controls, manages, and oversees the activities of its wholly owned subsidiary Novitium Pharma, LLC, including the development, regulatory submission, manufacture, marketing, sale, and distribution of generic pharmaceutical products such as the Novitium ANDA Product, from ANI's New Jersey headquarters.  ANI publicly identifies Princeton, New Jersey as the source of its corporate communications, including press releases announcing FDA approvals and launches of new ANDA products and press releases reporting its quarterly and annual financial results, further confirming that ANI's pharmaceutical business is directed from and substantially conducted in this District.  *See, e.g.*,  *ANI Pharmaceuticals Reports First Quarter 2026 Financial Results and Raises 2026 Financial Guidance*, ANI Pharms., Inc. (May 8, 2026), https://investor.anipharmaceuticals.com/news-releases/news-release-details/ani-pharmaceuticals-reports-first-quarter-2026-financial-results; *ANI Pharmaceuticals Announces FDA Approval and Launch of Isosorbide Mononitrate Tablet*,

ANI Pharms., Inc. (Apr. 8, 2026), https://investor.anipharmaceuticals.com/news-releases/news-release-details/ani-pharmaceuticals-announces-fda-approval-and-launch-isosorbide.

25.    On information and belief, ANI is registered to do business in New Jersey, maintains employees and operations in New Jersey, derives substantial revenue from pharmaceutical sales in New Jersey, and avails itself of the benefits and protections of New Jersey law.  ANI's contacts with New Jersey are therefore not only continuous and systematic, but also bear a substantial connection to the claims asserted in this action, including because ANI directs the development, regulatory submission, manufacture, marketing, and intended sale of the Novitium ANDA Product from its New Jersey headquarters.

26.    On information and belief, the Novitium Defendants are in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which the Novitium Defendants manufacture, distribute, market, and/or sell throughout the United States and in this judicial district.

27.    On information and belief, the Novitium Defendants are licensed to sell generic and proprietary pharmaceutical products in the State of New Jersey, either directly or through one or more of their wholly-owned subsidiaries, agents, and/or alter egos.

28.    The Novitium Defendants have committed, aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufacture and market RECORLEV® for sale and use throughout the United States, including in this judicial district.  On information and belief and as indicated by a letter dated June 12, 2026, sent by Novitium Pharma, LLC to Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(B), the Novitium Defendants prepared and filed Novitium's ANDA with the intention

of seeking to market the Novitium ANDA Product nationwide, including within this judicial district.

29.      On information and belief, the Novitium Defendants plan to sell the Novitium ANDA Product in the State of New Jersey, list the Novitium ANDA Product on the State of New Jersey's prescription drug formulary, and seek Medicaid reimbursements for sales of the Novitium ANDA Product in the State of New Jersey, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

30.      On information and belief, the Novitium Defendants derive substantial revenue from the marketing, manufacture, and/or sale of generic pharmaceutical products in the United States and in the State of New Jersey.

31.      On information and belief, the Novitium Defendants know and intend that the Novitium ANDA Product will be distributed and sold in the State of New Jersey and will thereby displace sales of RECORLEV®, causing injury to Plaintiffs.  The Novitium Defendants intend to take advantage of its established channels of distribution in the State of New Jersey for the sale of the Novitium ANDA Product.

32.      On information and belief, Novitium Pharma, LLC, with the aid of ANI, filed Novitium's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Novitium ANDA Product in the United States, including in the State of New Jersey.

33.       On information and belief, Novitium Pharma, LLC regularly invokes the jurisdiction of the courts of this judicial district by pleading claims and counterclaims in pharmaceutical patent infringement actions in this District.  *See, e.g.*, *Azurity Pharmaceuticals, Inc. v. Novitium Pharma, LLC*, C.A. No. 22-05860, ECF No. 30 (D.N.J. Nov. 8, 2022); *Taro*

*Pharmaceutical Industries Ltd. et al. v. Novitium Pharma, LLC*, C.A. No. 19-01028, ECF No. 6 (D.N.J. Apr. 11, 2019). On further information and belief, Novitium Pharma, LLC has also not contested personal jurisdiction or venue in pharmaceutical patent litigation in this judicial district, including in related litigation in which Xeris asserts the same patents. *See, e.g.*, *Xeris Pharmaceuticals, Inc. v. Novitium Pharma, LLC*, No. 2:26-cv-06568-JXN-JBC, ECF No. 11 (D.N.J. June 22, 2026); *Azurity Pharms., Inc. v. Novitium Pharma, LLC*, C.A. No. 22-05860, ECF No. 30 (D.N.J. November 8, 2022); *Taro Pharm. Indus. Ltd. et al. v. Novitium Pharma, LLC*, C.A. No. 19-01028, ECF No. 6 (D.N.J. Apr. 11, 2019).

34.    For at least the above reasons, it would not be unfair or unreasonable for the Novitium Defendants to litigate this action in this District, and the Novitium Defendants are subject to personal jurisdiction in this District.

35.    Venue is proper in this District under 28 U.S.C. §§ 1391(c) and (d), and 1400(b).

36.    Venue is proper at least because on information and belief, the Novitium Defendants submitted Novitium's ANDA from their East Windsor, New Jersey place of business and therefore the Novitium Defendants have committed acts of infringement and have a regular and established place of business in New Jersey for the purposes of venue.

37.    Venue is proper against Novitium Pharma, LLC and ANI because, *inter alia*, both Novitium Pharma, LLC and ANI maintain a regular and established place of business in this District and have committed an act of infringement in this District.

## THE ASSERTED PATENTS

38.    On June 1, 2021, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '393 Patent entitled "Methods of Treating Disease With Levoketoconazole." A true and correct copy of the '393 Patent is attached as **Exhibit A**. The '393 Patent is listed in

9

the *Approved Drug Products with Therapeutic Equivalence Evaluations* (an FDA publication commonly known as the "Orange Book") for RECORLEV® (levoketoconazole).  Plaintiffs own all rights, title, and interest in and to the '393 Patent.  There is an actual case or controversy between the parties regarding the Novitium Defendants' liability for their infringement of the '393 Patent.

39.    On March 22, 2022, the USPTO duly and legally issued the '547 Patent entitled "Methods of Treating Disease With Levoketoconazole."  A true and correct copy of the '547 Patent is attached as **Exhibit B**. The '547 Patent is listed in the Orange Book for RECORLEV® (levoketoconazole).  Plaintiffs own all rights, title, and interest in and to the '547 Patent.  There is an actual case or controversy between the parties regarding the Novitium Defendants' liability for their infringement of the '547 Patent.

## RECORLEV® AND DRUG-DRUG INTERACTIONS

40.    Ketoconazole is an antiandrogen, antifungal, and antiglucocorticoid medication commonly used to treat fungal infections.  Historically, ketoconazole has been used in the U.S. off-label to treat Cushing's syndrome and was the most frequently prescribed medication for Cushing's syndrome.  Exhibit A ('393 Patent) at 1:45-51.

41.    However, ketoconazole has several known risks, including hepatoxicity (*i.e.*, chemical-driven liver damage), elevated levels of transaminases (*i.e.*, indicating liver inflammation or injury), and potentially inhibiting several drug metabolizing enzymes such as CYP3A4.  *Id*. at 1:40-43.  Ketoconazole also exhibits several drug interactions, including those leading to an increased risk of QT prolongation (*i.e.*, an abnormality in which the heart takes longer than normal to recharge between beats that may cause fainting, seizures or sudden cardiac arrests).  *Id*. at 1:42-45.

42.    Based on these risks, there was a strong unmet need for a safe, FDA-approved therapy to treat Cushing's syndrome. *Id*. at 1:49-50.    Strongbridge discovered that levoketoconazole, the 2S,4R enantiomer of ketoconazole (chemical name: 2S,4R cis-1-acetyl-4-[4-[[2-(2,4-dichlorophenyl)-2-(1H-imidazol-1-ylmethyl)-1,3-dioxolan-4-yl]    methoxyl]phenyl] piperazine), more potently inhibits key enzymes involved in cortisol biosynthesis than ketoconazole. *Id*. at 1:51-59.

43.    During the development of RECORLEV®, the inventors ran drug-drug interaction studies to further evaluate levoketoconazole.  Strongbridge scientists used metformin, a commonly prescribed medication to treat type 2 diabetes, and an OCT2 and MATE1 inhibitor, in a drug-drug interaction study.  *Id*. at 17:50-53.    That study yielded previously undescribed effects of levoketoconazole, including that administration of levoketoconazole increases exposure to metformin nearly two-fold.  *Id*. at 23:20-25.  The study also demonstrated that levoketoconazole inhibited OCT2 *in vitro*, a previously unknown and clinically significant fact.  *Id*. at 23:61-67.

11





49. ████████████████████████████████████████████████████

████████████████████████ The DDI section as it appears in the FDA-approved RECORLEV®

Label is reproduced below:

> ---------------------------------**DRUG INTERACTIONS**---------------------------------
> - Consult approved product labeling for drugs that are substrates of CYP3A4, P-gp, OCT2, and MATE prior to initiating RECORLEV (7.1)
> - Sensitive CYP3A4 or CYP3A4 and P-gp Substrates: Concomitant use of RECORLEV with these substrates is contraindicated or not recommended (7.1)
> - Atorvastatin: Use lowest atorvastatin dose possible and monitor for adverse reactions for dosages exceeding 20 mg daily (7.1)
> - Metformin: Monitor glycemia, kidney function, and vitamin B12 and adjust metformin dosage as needed (7.1)
> - Strong CYP3A4 Inhibitors or Inducers: Avoid use of these drugs 2 weeks before and during RECORLEV treatment (7.2)
> - Gastric Acid Modulators: See Full Prescribing Information for recommendations regarding concomitant use with RECORLEV (7.2)

Exhibit C at 1. A true, correct, and complete copy of the current FDA-approved Prescribing Information for RECORLEV® is attached as **Exhibit C**.

50.    Based on the FDA's December 23, 2021, revisions to the RECORLEV® Label, on information and belief, the FDA will not approve any ANDA for generic levoketoconazole whose label does not include Drug Interaction for the use of levoketoconazole in combination with metformin.

51.    The FDA approved RECORLEV® on December 30, 2021. It is indicated for the treatment of endogenous hypercortisolemia in adult patients with Cushing's syndrome for whom surgery is not an option or has not been curative. The RECORLEV® label identifies metformin as an OCT2 and MATE1 substrate. *Id*. at 13. On information and belief, at least some RECORLEV® patients are co-administered metformin for the treatment of type 2 diabetes mellitus.

**NOVITIUM'S ANDA NO. 221336**

52.    The Novitium Defendants submitted Novitium's ANDA which seeks approval to

engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of a purported generic version of RECORLEV® (levoketoconazole) 150 mg tablets prior to the expiration of the Asserted Patents.

53.    On information and belief, FDA has not approved or tentatively approved Novitium's ANDA.

54.    Novitium Pharma, LLC sent Plaintiffs a Notice Letter dated April 24, 2026, ("First Notice Letter") (attached hereto as **Exhibit F**). █████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████ *See id.* Xeris subsequently filed an infringement action against Novitium Pharma, LLC and ANI Pharmaceuticals, Inc. within 45 days of receiving the First Notice Letter. *Xeris Pharmaceuticals, Inc. v. Novitium Pharma, LLC*, No. 2:26-cv-06568-JXN-JBC, ECF No. 11 (D.N.J. June 22, 2026).

55.    Novitium Pharma, LLC sent Plaintiffs a second Notice Letter dated June 12, 2026 ("Second Notice Letter") (attached hereto as **Exhibit H**). Xeris received this Second Notice Letter on June 15, 2026. ████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

56.     According to applicable regulations, Notice Letters such as Novitium Pharma, LLC's must contain a detailed statement of the factual and legal basis for the applicant's opinion that the patent is invalid, unenforceable, or not infringed which includes a claim-by-claim analysis, describing "for each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "for each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation." *See* 21 C.F.R. § 314.95(c)(7); *see also* 21 C.F.R. § 314.52.

57.     On information and belief, the Novitium Defendants were aware of the Asserted Patents when they filed Novitium's ANDA with a Paragraph IV Certification.

58.     Levoketoconazole is the active ingredient in the Novitium ANDA Product and the Novitium ANDA Product is levoketoconazole tablets, oral, 150 mg per tablet.

59.     On information and belief, Novitium's ANDA refers to and relies upon the RECORLEV® NDA and contains data that, according to the Novitium Defendants, demonstrates bioequivalence of the Novitium ANDA Product and RECORLEV® (levoketoconazole), *see* 21

U.S.C. § 355(j)(2); 21 C.F.R. § 314.94(a)(7), or the Novitium Defendants have sought a waiver of the requirement to demonstrate bioequivalence of the Novitium ANDA Product and RECORLEV® (levoketoconazole).  On information and belief, in the event the FDA approves Novitium's ANDA, the Novitium ANDA Product's label must contain the same Drug Interaction instructions as contained in the RECORLEV® label in order to receive FDA approval and demonstrate bioequivalence to RECORLEV®.  *See* Exhibit E at 2.

60.     On information and belief, the FDA-approved Novitium ANDA Product label will inform prescribers of several Drug Interactions warnings, including ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  *See* Exhibit E at 2.  On information and belief, the approved Novitium ANDA Product label will instruct prescribers to ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮  when RECORLEV® is prescribed in conjunction with other medication.  *See* Exhibit D at 15.

61.     On information and belief, the Novitium Defendants intend to have healthcare providers use the Novitium ANDA Product, if approved, as set forth in the Novitium ANDA Product label.  On information and belief, the Novitium ANDA Product label, if approved, will instruct prescribers to monitor patients when administered the Novitium ANDA Product in conjunction with any CYP3A4, P-gp, MATE1 or OCT2 substrate, CYP3A4 inhibitor, Atorvastatin, Metformin, or Gastric Acid Modulators, and subsequently adjust the dosage of the CYP3A4, P-gp, MATE1 or OCT2 substrate, CYP3A4 inhibitor, Atorvastatin, Metformin, or Gastric Acid Modulators in the patient to treat persistent or recurrent Cushing's syndrome in a patient who also has type 2 diabetes mellitus.

62.     On information and belief, if the FDA approves Novitium's ANDA, the Novitium Defendants will manufacture, offer for sale, or sell the Novitium ANDA Product, within the United States, including within the State of New Jersey, or will import the Novitium ANDA Product into the United States, including the State of New Jersey.  On information and belief, the manufacture, use, offer for sale, sale, or importation of the Novitium ANDA Product will directly infringe the Asserted Patents, either literally or under the doctrine of equivalents, and the Novitium Defendants will actively induce and/or contribute to the infringement of those patents.

63.     This action is being brought within forty-five days of Plaintiffs' receipt of Novitium Pharma, LLC's Second Notice Letter.  Accordingly, Plaintiffs are entitled to a stay of FDA approval pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) and 21 U.S.C. § 355(j)(5)(F)(ii) until **June 30, 2029**, due to RECORLEV®'s New Chemical Entity status.

64.     On information and belief, additional evidence gathered in future discovery from the Novitium Defendants will confirm both actual infringement and an intent to induce infringement.  On information and belief, the Novitium Defendants' communications with FDA regarding the scope of Novitium's ANDA label will demonstrate that the Novitium Defendants had knowledge of the Asserted Patents and specific intent to induce infringement thereof.  On information and belief, the Novitium Defendants' internal communications, business analyses, and marketing and strategic planning documents will further reveal that the Novitium Defendants anticipated, targeted, and were aware that the Novitium ANDA Product and its proposed labeling would induce and contribute to infringement of the Asserted Patents.

## COUNT I — INFRINGEMENT OF THE '393 PATENT BY NOVITIUM

65.     Plaintiffs restate, reallege, and incorporate each of the preceding paragraphs as if fully set forth herein.

66. Claim 1 of the '393 Patent recites the following:

A method of treating persistent or recurrent Cushing's syndrome in a subject in need thereof, wherein the subject also has type 2 diabetes mellitus and is being co-administered metformin, or a pharmaceutically acceptable salt thereof, to improve glycemic control, comprising:
administering a therapeutically effective amount of levoketoconazole, or a pharmaceutically acceptable salt thereof, to the subject in need thereof, wherein the therapeutically effective amount of levoketoconazole, or a pharmaceutically acceptable salt thereof, is determined via a titration scheme,
during the levoketoconazole titration scheme, monitoring the subject for a dose limiting event wherein the dose limiting event is a decreased fasting glucose level abnormal kidney function, and/or a low Vitamin B-12 level; and
wherein if the subject does not tolerate the increased dose, the dose for the patient is equal to the difference between the further increased dose and the incremental value for the last cycle repetition.

67. On information and belief, the Novitium ANDA Product is covered by one or more claims of the '393 Patent, including at least claim 1, because the label for the Novitium ANDA Product will induce clinicians to practice the treatment of persistent or recurrent Cushing's syndrome in adult patients who also have type 2 diabetes mellitus and are being co-administered metformin to improve glycemic control, by administering a therapeutically effective amount of levoketoconazole determined via a titration scheme, monitoring the subject for a dose limiting event such as a decreased fasting glucose level, abnormal kidney function, and/or a low Vitamin B-12 level during the levoketoconazole titration scheme, and reducing the amount of metformin administered to the subject if the subject experiences a dose limiting event.

68. On information and belief, the Novitium Defendants know that clinicians frequently prescribe levoketoconazole in combination with metformin. On information and belief, the Novitium Defendants know that metformin is an OCT2 and MATE1 substrate at least because the RECORLEV® label identifies metformin as an OCT2 and MATE1 substrate.

69. On information and belief, the Novitium Defendants filed and are pursuing the Novitium ANDA Product with the knowledge and intent that the Novitium ANDA Product, if

19

approved, would be used in patients with Cushing's syndrome who are co-administered metformin. On information and belief, when healthcare provider(s) prescribe the Novitium ANDA Product to such patients, those healthcare provider(s) will direct or control the performance of each step of the claimed methods, including the administration of levoketoconazole, the monitoring for dose-limiting events, and the reduction of metformin dosage. Patients who take the Novitium ANDA Product will do so under the direction and control of their prescribing healthcare provider(s), who will establish the treatment regimen, monitor for adverse events, and adjust co-administered medications as necessary. The prescribing healthcare provider(s) will condition their patients' participation in the treatment on the patients' performance of each required step, and the healthcare provider(s) will establish the manner and timing of such performance. Accordingly, the prescribing healthcare provider(s) will perform or direct and control the performance of each and every step of the methods claimed in the '393 Patent, and will therefore directly infringe those patents when they prescribe the Novitium ANDA Product in accordance with the Novitium ANDA Product proposed labeling.

70.    On information and belief, the Novitium Defendants do not intend to take any actions to discourage the use of the Novitium ANDA Product in in patients with Cushing's syndrome for the treatment of type 2 diabetes mellitus who are co-administered metformin or other OCT2 and/or MATE1 substrates.

71.    On information and belief, if the Novitium Defendants were to obtain FDA approval to market and sell the Novitium ANDA Product, they would market and sell it to hospitals and/or group purchasing organizations ("GPOs") and other distributors throughout the United States, including in this District, as a generic substitute for RECORLEV® to be used and administered in the same manner as RECORLEV®. Accordingly, the Novitium Defendants will

have to use their sales force to affirmatively market the Novitium ANDA Product to hospitals and GPOs and try to convince them to switch from RECORLEV® to the Novitium ANDA Product. In doing so, the Novitium Defendants' sales force will make affirmative representations to its customers that the Novitium ANDA Product is equivalent to RECORLEV® and can and should be administered in the same manner as RECORLEV®.

72.    On information and belief, the current proposed label for the Novitium ANDA Product induces direct infringement of the '393 Patent because it includes Drug Interaction instructions directing healthcare providers to monitor patients who are co-administered an OCT2 and/or MATE1 substrate, including metformin, for dose-limiting events such as decreased fasting glucose levels, abnormal kidney function, and/or low Vitamin B-12 levels during levoketoconazole titration, and to reduce the dosage of the co-administered OCT2 and/or MATE1 substrate if the patient experiences such a dose-limiting event, thereby instructing healthcare providers to perform each and every step of the method claimed in at least claim 1 of the '393 Patent.

73.    For the reasons detailed above, on information and belief, upon approval, the proposed label for the Novitium ANDA Product will copy the entirety of the Drug Interaction language from the RECORLEV® label and therefore include specific instructions directing physicians and other medical professionals to use the product in accordance with the methods claimed in the '393 Patent, thereby inducing direct infringement.

74.    On information and belief, upon FDA approval, the Novitium Defendants will market and sell the Novitium ANDA Product as a generic substitute for RECORLEV® to be used and administered in the same manner as RECORLEV®, with the knowledge and expectation that physicians will treat patients based on the most up-to-date clinical information available—

21

including by treating patients in accordance with the treatment regimes claimed in the '393 Patent, i.e., by administering a therapeutically effective amount of levoketoconazole determined via a titration scheme, monitoring the subject for a dose limiting event such as a decreased fasting glucose level, abnormal kidney function, and/or a low Vitamin B-12 level during the levoketoconazole titration scheme, and reducing the amount of metformin administered to the subject if the subject experiences a dose limiting event.

75. On information and belief, Plaintiffs expect that the Novitium Defendants will act in accordance with the best interests of patients and that, in doing so, the Novitium Defendants will market and sell the Novitium ANDA Product (if approved) with explicit or implicit instructions, and the specific intent, that its product be used in accordance with Plaintiffs' patented treatment regimens. In these ways, the Novitium Defendants would be inducing infringement of at least claim 1 of the '393 Patent.



77. The purpose of submitting Novitium's ANDA to FDA was to obtain approval under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, ("FDCA") to engage in the commercial manufacture, use, offer for sale, and/or sale of the Novitium ANDA Product prior to the expiration of the '393 Patent.

78. The Novitium Defendants' submission of Novitium's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale and/or offer for sale of the

22

Novitium ANDA Product prior to the expiration of the '393 Patent was an act of infringement of the '393 Patent under 35 U.S.C. § 271(e)(2)(A).

79.     On information and belief, the Novitium Defendants intend to engage in the commercial manufacture, use, sale and/or offer for sale of the Novitium ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Novitium's ANDA and any amendments thereto, *i.e.*, prior to the expiration of the '393 Patent.

80.     On information and belief, the Novitium Defendants have knowledge of the '393 Patent at least because the '393 Patent is listed in the Orange Book for RECORLEV® (levoketoconazole) drug product.  Notwithstanding this knowledge, the Novitium Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, and/or sale of the Novitium ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Novitium's ANDA and any amendments thereto.

81.     The Novitium Defendants had actual and constructive notice of the '393 Patent prior to submitting Novitium's ANDA, and were aware that the submissions of Novitium's ANDA with the request for FDA approval prior to the expiration of the '393 Patent would constitute an act of infringement of the '393 Patent.

82.     On information and belief, the Novitium Defendants know that the Novitium ANDA Product is especially made or adapted for use in infringing the '393 Patent, and that the Novitium ANDA Product is not a staple article of commerce suitable for substantial noninfringing use.  On information and belief, the Novitium Defendants plan and intend to, and will, contribute to infringement of the '393 Patent immediately and imminently upon approval of Novitium's ANDA and any amendments thereto.

83.     The foregoing actions by the Novitium Defendants constitutes and/or will constitute infringement of the '393 Patent, active inducement of infringement of the '393 Patent, and contribution to the infringement of the '393 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(b) and (c).

84.     The Novitium Defendants filed Novitium's ANDA without adequate justification for asserting that the '393 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Novitium ANDA Product.   The Novitium Defendants' conduct in certifying invalidity and/or noninfringement with respect to the '393 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

85.     Unless the Novitium Defendants are enjoined from infringing the '393 Patent and actively inducing and contributing to infringement of the '393 Patent, Plaintiffs will suffer irreparable injury.   Plaintiffs have no adequate remedy at law, and considering the balance of hardships between Plaintiffs and the Novitium Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT II — INFRINGEMENT OF THE '547 PATENT BY NOVITIUM

86.     Plaintiffs restate, reallege, and incorporate each of the preceding paragraphs as if fully set forth herein.

87.     Claim 1 of the '547 Patent recites the following:

A method of treating Cushing's syndrome in a subject in need thereof, wherein the subject also has type 2 diabetes mellitus and is being co-administered metformin, or a pharmaceutically acceptable salt thereof, to improve glycemic control and wherein the subject has had previous surgery or radiation to treat the subject's Cushing syndrome, comprising:
  administering a therapeutically effective amount of levoketoconazole, or a
    pharmaceutically acceptable salt thereof, to the subject in need thereof, wherein
    the therapeutically effective amount of levoketoconazole, or a pharmaceutically
    acceptable salt thereof, is determined via a titration scheme,

24

during the levoketoconazole titration scheme, monitoring the subject for a dose limiting event wherein the dose limiting event is a decreased fasting glucose level, abnormal kidney function, and/or a low Vitamin B-12 level; and

if the subject experiences a dose limiting event, reducing the amount of metformin, or a pharmaceutically acceptable salt thereof, administered to the subject.

88.     On information and belief, the Novitium ANDA Product is covered by one or more claims of the '547 Patent, including at least claim 1, because the use of the Novitium ANDA Product will induce to practice the treatment of persistent or recurrent Cushing's syndrome in adult patients who also have type 2 diabetes mellitus and are being co-administered metformin to improve glycemic control, by administering a therapeutically effective amount of levoketoconazole determined via a titration scheme, monitoring the subject for a dose limiting event such as a decreased fasting glucose level, abnormal kidney function, and/or a low Vitamin B-12 level during the levoketoconazole titration scheme, and reducing the amount of metformin administered to the subject if the subject experiences a dose limiting event.

89.     On information and belief, the Novitium Defendants know that clinicians frequently prescribe levoketoconazole in combination with metformin.  On information and belief, the Novitium Defendants know that metformin is an OCT2 and MATE1 substrate at least because the RECORLEV® label identifies metformin as an OCT2 and MATE1 substrate.

90.     On information and belief, the Novitium Defendants filed and are pursuing the Novitium ANDA Product with the knowledge and intent that the Novitium ANDA Product, if approved, would be used in patients with Cushing's syndrome who are coadministered metformin. On information and belief, when healthcare provider(s) prescribe the Novitium ANDA Product to such patients, those healthcare provider(s) will direct or control the performance of each step of the claimed methods, including the administration of levoketoconazole, the monitoring for dose-limiting events, and the reduction of metformin dosage.  Patients who take the Novitium ANDA

Product will do so under the direction and control of their prescribing healthcare provider(s), who will establish the treatment regimen, monitor for adverse events, and adjust co-administered medications as necessary.  The prescribing healthcare provider(s) will condition their patients' participation in the treatment on the patients' performance of each required step, and the healthcare provider(s) will establish the manner and timing of such performance.  Accordingly, the prescribing healthcare provider(s) will perform or direct and control the performance of each and every step of the methods claimed in the '547 Patent, and will therefore directly infringe those patents when they prescribe the Novitium ANDA Product in accordance with the Novitium ANDA Product proposed labeling.

91.    On information and belief, the Novitium Defendants do not intend to take any actions to discourage the use of the Novitium ANDA Product in patients with Cushing's syndrome for the treatment of type 2 diabetes mellitus who are co-administered metformin or other OCT2 and/or MATE1 substrates.

92.    On information and belief, if the Novitium Defendants were to obtain FDA approval to market and sell the Novitium ANDA Product, it would market and sell it to hospitals and/or group purchasing organizations ("GPOs") and other distributors throughout the United States, including in this District, as a generic substitute for RECORLEV® to be used and administered in the same manner as RECORLEV®.  Accordingly, the Novitium Defendants will have to use their sales force to affirmatively market the Novitium ANDA Product to hospitals and GPOs and try to convince them to switch from RECORLEV® to the Novitium ANDA Product. In doing so, the Novitium Defendants' sales force will make affirmative representations to its customers that the Novitium ANDA Product is equivalent to RECORLEV® and can and should be administered in the same manner as RECORLEV®.

93.     On information and belief, the current proposed label for the Novitium ANDA Product induces direct infringement of the '547 Patent because it includes Drug Interaction instructions directing healthcare providers to monitor patients who are co-administered an OCT2 and/or MATE1 substrate, including metformin, for dose-limiting events such as decreased fasting glucose levels, abnormal kidney function, and/or low Vitamin B-12 levels during levoketoconazole titration, and to reduce the dosage of the co-administered OCT2 and/or MATE1 substrate if the patient experiences such a dose-limiting event, thereby instructing healthcare providers to perform each and every step of the method claimed in at least claim 1 of the '547 Patent.

94.     For the reasons detailed above, on information and belief, upon approval, the proposed label for the Novitium ANDA Product will copy the entirety of the Drug Interaction language from the RECORLEV® label and therefore include specific instructions directing physicians and other medical professionals to use the product in accordance with the methods claimed in the '547 Patent, thereby inducing direct infringement.

95.     On information and belief, upon FDA approval, the Novitium Defendants will market and sell the Novitium ANDA Product as a generic substitute for RECORLEV® to be used and administered in the same manner as RECORLEV®, with the knowledge and expectation that physicians will treat patients based on the most up-to-date clinical information available—including by treating patients in accordance with the treatment regimes claimed in the '547 Patent, i.e., by administering a therapeutically effective amount of levoketoconazole determined via a titration scheme, monitoring the subject for a dose limiting event such as a decreased fasting glucose level, abnormal kidney function, and/or a low Vitamin B-12 level during the

levoketoconazole titration scheme, and reducing the amount of metformin administered to the subject if the subject experiences a dose limiting event.

96.     On information and belief, Plaintiffs expect that the Novitium Defendants will act in accordance with the best interests of patients and that, in doing so, the Novitium Defendants will market and sell the Novitium ANDA Product (if approved) with explicit or implicit instructions, and the specific intent, that its product be used in accordance with Plaintiffs' patented treatment regimens.  In these ways, the Novitium Defendants would be inducing infringement of at least claim 1 of the '547 Patent.

98.     Novitium Pharma, LLC did not contend or make detailed noninfringement arguments for each claim in its Notice Letters that the Novitium ANDA Product, or the use of the Novitium ANDA Product in accordance with and as directed by the Novitium ANDA Product proposed labeling would not infringe the claims of the '547 Patent.

99.     The purpose of submitting Novitium's ANDA to FDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of the Novitium ANDA Product prior to the expiration of the '547 Patent.

100.     The purpose of submitting Novitium's ANDA to FDA was to obtain approval under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, ("FDCA") to engage in the commercial manufacture, use, offer for sale, and/or sale of the Novitium ANDA Product prior to the expiration of the '547 Patent.

28

101.    The Novitium Defendants' submission of Novitium's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale and/or offer for sale of the Novitium ANDA Product prior to the expiration of the '547 Patent was an act of infringement of the '547 Patent under 35 U.S.C. § 271(e)(2)(A).

102.    On information and belief, the Novitium Defendants intend to engage in the commercial manufacture, use, sale and/or offer for sale of the Novitium ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Novitium's ANDA and any amendments thereto, *i.e.*, prior to the expiration of the '547 Patent.

103.    On information and belief, the Novitium Defendants have knowledge of the '547 Patent at least because the '547 Patent is listed in the Orange Book for RECORLEV® (levoketoconazole) drug product.  Notwithstanding this knowledge, the Novitium Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, and/or sale of the Novitium ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Novitium's ANDA and any amendments thereto.

104.    The Novitium Defendants had actual and constructive notice of the '547 Patent prior to submitting Novitium's ANDA, and were aware that the submissions of Novitium's ANDA with the request for FDA approval prior to the expiration of the '547 Patent would constitute an act of infringement of the '547 Patent.

105.    On information and belief, the Novitium Defendants know that the Novitium ANDA Product is especially made or adapted for use in infringing the '547 Patent, and that the Novitium ANDA Product is not a staple article of commerce suitable for substantial noninfringing use.  On information and belief, the Novitium Defendants plan and intend to, and will, contribute

to infringement of the '547 Patent immediately and imminently upon approval of Novitium's ANDA and any amendments thereto.

106. The foregoing actions by the Novitium Defendants constitutes and/or will constitute infringement of the '547 Patent, active inducement of infringement of the '547 Patent, and contribution to the infringement of the '547 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(b) and (c).

107. The Novitium Defendants filed Novitium's ANDA without adequate justification for asserting that the '547 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Novitium ANDA Product. The Novitium Defendants' conduct in certifying invalidity and/or noninfringement with respect to the '547 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

108. Unless the Novitium Defendants are enjoined from infringing the '547 Patent and actively inducing and contributing to infringement of the '547 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law, and considering the balance of hardships between Plaintiffs and the Novitium Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(a) A judgment that the Novitium Defendants' submission of Novitium's ANDA to FDA was an act of infringement of one or more claims of the '393 and '547 Patents;

(b) A judgment that the Novitium Defendants' making, using, offering to sell, selling, marketing, distributing, or importing into the United States the Novitium ANDA Product prior to

30

the expiration of the '393 and '547 Patents will infringe, will actively induce infringement, and/or will contribute to infringement of one or more claims of the '393 and '547 Patents pursuant to 35 U.S.C. § 271(b), and/or (c);

(c)      An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval Novitium's ANDA for the Novitium Defendants to make, use, offer for sale, sell, market, distribute, or import the Novitium ANDA Product, or any product the use of which infringes the '393 and '547 Patents, be not earlier than the expiration date of the '393 and '547 Patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)      A permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) enjoining the Novitium Defendants, Novitium Defendants' affiliates and subsidiaries, each of their officers, agents, servants and employees, and any person acting in concert with the Novitium Defendants, from making, using, selling, offering to sell, marketing, distributing, or importing the Novitium ANDA Product, or any product the use of which infringes the '393 and '547 Patents, or the inducement of any of the foregoing, prior to the expiration date of the '393 and '547 Patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(e)      An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if the Novitium Defendants engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Novitium ANDA Product, or any product that infringes the '393 and '547 Patents, or induce or contribute to such conduct prior to expiration of the '393 and '547 Patents including any additional exclusivity period applicable to those patents;

(f)      A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(g)      An award of Plaintiffs' costs and expenses in this action; and

31

(h)     Such further and other relief as this Court may deem just and proper.

Date: July 13, 2026

OF COUNSEL:

David P. Frazier
Kelly A. Welsh
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Marc N. Zubick
Shelby C. Yuan
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
(312) 876-7606

Ramya Sri Vallabhaneni
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10020
(212) 906-1200

*Attorneys for Plaintiffs Xeris*
*Pharmaceuticals, Inc. and Strongbridge*
*Dublin Limited*

FBT GIBBONS LLP

/s/ Charles H. Chevalier
Charles H. Chevalier
Michael V. Caracappa
Magnolia S. Joodi
One Gateway Center
Newark, New Jersey 07102
Phone: (973) 596-4701
Fax: (973) 639-6294
cchevalier@fbtgibbons.com
mcaracappa@fbtgibbons.com
mjoodi@fbtgibbons.com

*Attorneys for Plaintiffs Xeris*
*Pharmaceuticals, Inc. and Strongbridge*
*Dublin Limited*